IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MONSTER CABLE PRODUCTS, INC., | § § § | |
| *Plaintiff*, | § § | Civil Action No. 9:07-CV-286 |
| v. | § § | |
| TRIPPE MANUFACTURING CO., | § § | JUDGE RON CLARK |
| *Defendant*. | § § § § | |

## **ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

Defendant Trippe Manufacturing Co. has asked for a discretionary transfer of venue to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a). [Doc. #9] Trippe failed to identify a single non-party witness whose testimony may be important and who will have to travel to this district.  Since this court already has several cases involving Plaintiff's products, judicial economy would not be served by transferring the case. Judicial caseload statistics do not indicate that transfer is calculated to reduce delay.  Trippe simply has not demonstrated that the Northern District of Illinois is a more convenient forum. The motion is denied.

### **I. Background**

Plaintiff Monster Cable Products filed suit against Trippe on November 27, 2007, claiming trade dress infringement and infringement of one or more claims of U.S. Patent Nos. 6,456,091 (the ´091 patent), 446,504 (the ´504 patent) and 446,189 (the ´189 patent).

1

Monster is a corporation existing under the laws of California, with its principal place of business in Brisbane, California. Trippe is an Illinois corporation with its principal place of business in Chicago. The parties appear to be competitors in the sale of electronic products and accessories. Monster alleges that Trippe's products, namely the HTPOWERBAR10 (aka HTISOBar10), HT500PC, HT3100PC and HT7100PC infringe utility and design patent and trade dress rights held by Monster. It is undisputed that Trippe's allegedly infringing products are sold in the Eastern District of Texas and specifically in the Lufkin division.

## II. Analysis

The goal of Section 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). The first determination to be made under Section 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").[1] It is undisputed that this case could have initially been brought in the Northern District of Illinois.

Under Section 1404(a), the court then examines the convenience of the parties and the witnesses. *Id.* This determination involves examining several private and public interest factors, none of which are given dispositve weight individually. *Id.; accord In re Volkswagen of*

---

[1] The Federal Circuit defers to regional circuit law on procedural issues, including transfer of venue under Section 1404(a). *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

*America, Inc.,* 506 F.3d 376, 380 (5th Cir. 2007)(hereinafter *Volkswagen II")*.[2]

In determining whether an action should be transferred under Section 1404(a), the court must consider several private and public interest factors. *Volkswagen I,* 371 F.3d at 203, *accord Volkswagen II*, 506 F.3d at 380. The private interest factors include: (1) the plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and availability of compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *See Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 653 (5th Cir. 2005); 17 James Wm. Moore et al., Moore's Federal Practice § § 111.13, et seq. (3d ed. 1997). The public interest factors include (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *See Dominguez-Cota*, 396 F.3d at 653-54.

---

[2]The Fifth Circuit's opinion in *Volkswagen II* was a re-hearing panel opinion, superceding an earlier *per curiam* opinion that had been withdrawn (*In re Volkswagen,* 223 Fed. Appx. 305 (5th Cir. 2007). The panel granted Volkswagen's petition for a writ of mandamus directing the district court to transfer the case from the Eastern District of Texas to the Northern District of Texas, where the accident occurred in a products liability case. The Fifth Circuit subsequently granted rehearing *en banc,* thereby vacating the *Volkswagen II* opinion. *In re Volkswagen America, Inc.,* No. 07-40058, 2008 WL 400236, at *1 (5th Cir. Feb. 14, 2008). The Fifth Circuit heard oral arguments on May 22, 2008, but has not yet issued a written opinion. The vacated opinion "appears to adopt a slightly lower threshold favoring the party moving for transfer." *See Aloft Media, LLC v. Adobe Sys., Inc.,* 2008 WL 819956 (E.D. Tex. Mar. 25, 2008). In light of the uncertainty surrounding the applicable legal standard governing Section 1404(a) venue transfer motions, this court will follow the example of the court in *Aloft Media* and give Trippe the benefit of the doubt by analyzing Trippe's motion under the *Volkswagen II* standard, even though that opinion was vacated. Analysis under the standard set out in earlier cases would only bolster the court's decision to deny transfer.

**A. Private Interest Factors**

1. Plaintiff's Choice of Forum

Monster has chosen to litigate its claim in the Eastern District of Texas, where sales of Trippe's allegedly infringing products undisputedly occur. The plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't,* 337 F.3d 428, 434 (5th Cir. 2003); *accord Volkswagen II,* 506 F.3d at 380. In *Volkswagen II* the Court rejected placing an "elevated status" on the plaintiff's choice of forum, yet made clear that a court should still consider the plaintiff's forum choice as one of the factors in the analysis. *Volkswagen II,* 506 F.3d 376, 384 (5th Cir. 2007). This has long been the law in the Fifth Circuit. "At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed." *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). Defendant must show "good cause" for the transfer. *Humble Oil & ref. Co. V. Bell Marine Serv., Inc.*, 321 F.2d 53, 56  (5th Cir. 1963) *accord Volkswagen II*, 506 F.3d at 384 ("When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered.")

2. The Convenience of the Parties and Material Witnesses

The convenience of the witnesses is an important factor in deciding whether a case should be transferred pursuant to § 1404(a). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II,* 506 F.3d at 386 (citing *In re Volkswagen I, * 371 F.3d at 204-205 (5th Cir. 2004). Trippe may not rest upon bald conclusions of "inconvenience." Rather, to allow the court to

make a reasoned decision, it should specifically identify key witnesses who will be disadvantaged and outline the substance of their testimony. *See Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex. 1993).

Trippe states that "all of Trippe's witnesses, including both employee witnesses and non-party witnesses, are in Chicago." Trippe's Mot. to Transfer [Doc. #9, p. 5]. Trippe also asserts that "Monster's likely witnesses, including its employees and inventors of the patents-in-suit, are in California" so they will likewise be inconvenienced by trial in the Eastern District of Texas. *Id.*

To the extent that Monster's employees might be witnesses, any inconvenience to Monster is self-inflicted. Therefore, the location of Monster's directors in California does not support transfer to the Northern District of Illinois. If anything this is a reason to have filed in California, which is farther from Illinois than Texas is.[3]

Trippe identifies several of its own employees, located primarily in Illinois, who may testify at trial. These individuals are all employees of Trippe and thus under its control. It does no violence to traditional notions of proper jurisdiction and venue nor to "the interest of justice" to require Trippe's employees to defend allegations of patent infringement in a district and state where it has purposefully established contact by knowingly selling its products.

Trippe further asserts that "it will likely also rely on testimony and documents from ACCO Brands, a third party company located in Illinois." Trippe neither identified any particular witness at ACCO Brands, nor explained why deposition testimony and subpoenaed

---

[3]The court takes judicial notice that the distance from Chicago, IL to Lufkin, TX is about 1,000 miles. The distance between Chicago, IL and Brisbane, CA is more than 2,000 miles.

5

documents would not suffice. Impuissant allegations are no substitute for facts. Trippe's failure to identify specific ACCO witnesses makes it impossible to determine what burden would actually be placed on a particular non-party witness and to weigh that burden against the other factors to be considered when ruling on a motion to transfer.

Patent litigation is different from personal injury or products-liability cases. In those cases, the evidence and witnesses are closely linked to the place where the injury occurred. *See Volkswagen II,* 506 F.3d at 387 (holding that the factors weighed heavily in favor of transfer to the division where the car accident occurred because the witnesses, wreckage, police, paramedics and car dealership were located there). Witnesses in patent cases are typically more dispersed. Unlike a personal-injury case, a patent case typically involves gathering witnesses, documents, and experts from all over the country, and often the world. Thus, the reality in a patent case is that no forum can be convenient for everyone.

While transfer to the Northern District of Illinois may be more convenient for some of Trippe's employees, any convenience gained may be offset by additional burdens placed on Monster's employees or non-party witnesses. The court finds that the convenience of the parties and material witnesses is a neutral factor and does not favor transfer.

3. Place of the Alleged Wrong

Trippe admits that it sells the accused products in the Eastern District of Texas. Because the alleged infringing products are both offered for sale and sold in this district, this factor does not weigh in favor of transfer of venue.

4. The Cost of Obtaining the Attendance of Witnesses and Availability of Compulsory Process

All of the witnesses specifically identified by Trippe can be compelled to attend trial, since all are employees of Trippe. In any case, with modern video deposition technology, the need for many witnesses to travel at all is reduced or eliminated. This is especially true for a witness whose credibility cannot seriously be challenged, even if there is a dispute over the effect of some technical data produced, or a witness with background information needed to establish a basis for more crucial testimony by an expert. Moreover, there has been no showing that the availability of compulsory process is an issue. Subpoenas for depositions of witnesses in Illinois can easily be obtained. *See* Fed. R. Civ. P. 45(a)(2), (b) and (c). This factor does not weigh in favor of transfer.

5. The Accessibility and Location of Sources of Proof

Trippe did not present evidence that the location of its documents and source code outside this District works a substantial hardship. Documentary evidence is routinely transmitted electronically. There is no suggestion that the documents needed for any hearing or trial are so voluminous in this case that they cannot be easily transferred, nor that they could not be stored electronically and transferred in that manner. Trippe's products are accused of nationwide infringing activity. Trippe's employee witnesses should not be surprised to have to testify in a state where its allegedly infringing products are sold. This factor does not weigh in favor of transfer.

<u>6. The Possibility of Delay and Prejudice if Transfer is Granted</u>

Neither party would be unfairly prejudiced if the judge and jury were from Illinois. As to the factor of delay, Trippe admits that "[t]he Eastern District of Texas has a reputation for expeditious resolution of cases and typically brings cases to trial faster than the Northern District of Illinois." *See* Trippe's Mot. to Transfer at 8 [Doc. #9]. In 2007 the median time from filing of a civil case to trial was 29.7 months in the Northern District of Illinois and 18.0 months in the Eastern District of Texas. Additionally the Eastern District of Texas has adopted special rules to expedite patent cases. Transfer is not likely reduce delay.

With more than 600 weighted case filings before the undersigned during the last twelve months, punting a complex patent case to Illinois would be the easy choice. However, during the twelve months prior to September 30, 2007 the median disposition time for felony cases was 14.7 months in the Northern District of Illinois and 8.7 months in the Eastern District of Texas. Should this court shirk an irksome task by transferring it to a sister court struggling to comply with Congressional Speedy Trial Act mandates? This factor weighs against transfer.

**B. Public Interest Factors**

<u>1. Judicial Economy and Administrative Difficulties</u>

Trippe asserts that "there is no basis to claim that this District will resolve this case better, faster or cheaper than the Northern District of Illinois." Def.'s Reply Br. [Doc. #19]. Nothing patent lawyers do is cheap, and this court is unlikely to "resolve this case better" than a court in Illinois. Nevertheless, judicial economy favors hearing cases that involve a highly technical subject matter in a court that is already familiar with the issues involved. *Regents of the University of California v. Eli Lilly & Co.,* 119 F.3d 1559, 1565 (Fed. Cir. 1997).

There are eight cases involving Monster Cable Products, Inc. currently pending in this District. The undersigned is already familiar with Plaintiff and is becoming familiar with the technology at issue. *See Monster Cable Products, Inc. v. Monster Pod Technology, Inc.*, Civil Action 9:07cv226 (Clark, J.) (closed March 7, 2008); *Monster Cable Products, Inc. v. Dealtree, Inc., et al.,* Civil Action 9:07cv306 (Clark, J.). A case management conference in another case involving Monster Cable Products is already set in this court. There are differences in the accused products and causes of action, but the general functionality of the equipment is similar. This factor weighs against transfer.

2. Local Interest in Adjudicating Local Disputes

Trippe's accused products have been offered for sale and sold in Lufkin, Texas. There is at least some local interest in adjudicating this dispute. This factor does not weigh in favor of transferring the case.

3. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Because the alleged infringement has occurred in this district, the court finds that the citizens of Texas have an interest in adjudicating this suit. It follows that the jury pool in this District will not be unduly burdened in deciding this matter. Consequently, this factor does not weigh in favor of transfer.

4. The Avoidance of Unnecessary Problems in Conflict of Laws

This factor is not a concern in a patent case where there are no pendent state law claims. This factor bears no weight in the transfer analysis.

### III. Conclusion

Trippe has not shown that transfer would be convenient for anybody but itself and has failed to demonstrate good cause to transfer the case. On balance, neither the "convenience

factors" nor the "public interest" factors weigh in favor of transfer.  Trippe did not identify a single non-party witness whose testimony may be important and who would be forced to travel.  Judicial economy would likely be served by keeping this case in a court with several similar cases, rather than requiring another judge to learn about the underlying technology.  Case disposition information indicates that the Northern District of Illinois already has its plate full with complex and time-consuming litigation, and it is doubtful that a transfer will reduce the time to trial.

      IT IS THEREFORE ORDERED that Defendant's Motion to Transfer to the Venue [**Doc. # 9**] is **DENIED**.

      So **ORDERED** and **SIGNED** this **18** day of **June, 2008.**

_____
Ron Clark, United States District Judge